IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| TOM ADAMS, JR., ) | |
| ) | Civil Action No: 3:04-629-MBS-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| THE UNIVERSITY OF SOUTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

       This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



**Background and Evidence**[2]

Plaintiff is an African-American who worked for the Defendant, primarily as a maintenance department employee, from 1972 to 2002. Plaintiff's Deposition, pp. 9-10, 13-16. Plaintiff claims that between 1980 and 1996 he was improperly denied a number of promotions that were instead awarded to less qualified white employees. Plaintiff's Deposition, pp. 28-32.

On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff's Deposition, p. 22; Defendant's Exhibit 1. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Id. After Plaintiff's receipt of a right to sue letter on May 21, 2001; Plaintiff's Deposition, pp. 22-23; Defendant's Exhibit 2; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[3]

Following numerous discovery problems between the parties, an order was issued on February 15, 2005 which required Plaintiff to identify with specificity his claim against the Defendant. In supplemental responses to interrogatories, Plaintiff stated that he believed he had been retaliated against by the Defendant after he filed his administrative charge with the EEOC, as follows:

---

[2]The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[3]Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That initial action was subsequently withdrawn so that each Plaintiff could separately pursue their own individual claims in this Court.



> This plaintiff would show that after he and other University employees filed a charge of race discrimination with the EEOC, Gerald Goings started calling the group in one at a time. When he called [Plaintiff] in, Goings said: "What have I done?" [Plaintiff] perceived this as retribution or a veiled threat for having filed with EEOC. [Plaintiff] told Goings, "You are in a position to do the right thing," but that Goings had set up a system based on cronism and favoritism whereby his white friends were rewarded disproportionately to the black employees. For example, [Plaintiff] told Goings that the electrical and plumbing employees were mostly white and they got more raises than black employees.

<u>See</u> <u>Plaintiff's Supplemental Answers to the Defendant's Interrogatories</u>.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

### I.

### (Promotion Claims)

Defendant first argues in its motion for summary judgment that Plaintiff's promotion claims should be dismissed because they are time barred. After careful consideration of the arguments and exhibits presented, the undersigned is constrained to agree. Title VII requires that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant

3



initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that South Carolina is a deferral state, and that the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. The record reflects that Plaintiff's administrative charge was forwarded to SCHAC by the EEOC on or about October 16, 1999, although it was investigated by the EEOC pursuant to a "work sharing agreement." Plaintiff's Deposition, Defendant's Exhibit 1. Therefore, Plaintiff had three hundred (300) days to file his administrative charge following a discriminatory act, and a failure by the Plaintiff to do so bars him from pursing a Title VII lawsuit in this Court with respect to any alleged discriminatory act which falls outside of this three hundred (300) day period. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Mickel v. South Carolina State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967); see National RR Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).[4]

---

[4] A claimant may in some circumstances include claims beyond this three hundred (300) day period where the Defendant's conduct is deemed to be a "continuing violation." However, under the applicable caselaw, promotions are separate and distinct acts for purposes of a Title VII claim, and timely promotion claims may not therefore be considered as part of a "continuing violation" together with any prior (and untimely) allegedly discriminatory promotion decisions which involved the same claimant. See Morgan, 536 U.S. at 117 [finding that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]; Williams v. Giant Food, Inc., 370 F.3d 423, 429 (4th Cir. 2004) [continuing violation doctrine does not apply to a failure to promote claim, as a promotion decision is a discreet act of discrimination]; cf. Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote].



Based on Plaintiff's administrative charge filing date of October 5, 1999, any failure to promote discrimination claims occurring prior to December 9, 1998 would not be actionable. Williams, 370 F.3d at 429; Morgan, 536 U.S. at 114. Here, Plaintiff testified that he applied for, but was denied, a number of promotions between 1980 and 1996 that were instead awarded to less qualified white employees. Plaintiff's Deposition, pp. 28-32. These are, of course, separate and distinct acts for purposes of a Title VII claim under Morgan and Williams. Therefore, since these claims fall outside of the applicable three hundred (300) day claim period, they may not ordinarily be considered by this Court. While Plaintiff advances two arguments as to why his claims should be considered notwithstanding the three hundred (300) day time bar; hostile work environment and equitable estoppel; for the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.[5]

First, Plaintiff has not set forth a claim of hostile work environment in this case. Rather, Plaintiff has testified only to incidents of alleged discrimination in promotion decisions. Pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit, and no evidence, exhibits, or information has been submitted to this Court to show that any hostile work environment claim was being asserted by this Plaintiff. Plaintiff cannot now change his theory of recovery, nor is the Defendant required

---

[5] Plaintiff also refers in his memorandum to the claims of other individuals who worked for the Defendant. However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant. Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998).

5



to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". Beall v. Abbott Laboratories, 130 F.3d 614, 620 (4th Cir. 1997), (citing Jenkins v. Home Ins. Co., 635 F.2d 310, 312 (4th Cir. 1980)); Morgan, 536 U.S. at 105 ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory time period."]; Huckabay, 142 F.3d at 239.   Plaintiff has identified no specific act contributing to any hostile work environment that took place within the statutory time period.

As for equitable estoppel, Plaintiff's entire argument with respect to this theory is set forth in his brief as follows:

> Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling.

Plaintiff's Brief, pp. 6-7.

While setting forth this standard, however, Plaintiff has offered no argument or evidence whatsoever to show why he is entitled to equitable estoppel in this case. "Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993)



> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363, (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Here, as noted, Plaintiff has presented no evidence to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claim. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements...for gaining access to the...courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993), (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437, 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Therefore, since Plaintiff failed to file his administrative charge within three hundred (300) days of the promotion decisions at issue, and in light of the applicable caselaw and statutory requirements, the undersigned has no choice but to find that the promotion decisions at issue in this case are time barred, and are therefore subject to dismissal.

7



## II.

### (Retaliation Claim)

With respect to Plaintiff's retaliation claim, to the extent Plaintiff has otherwise satisfied his administrative requirements for pursuing such a claim,[6] in order to survive summary judgment he would have to first establish a prima facie case and thereafter demonstrate pretext. To establish a prima facie case, Plaintiff would have to show that 1) he engaged in protected activity; 2) the Defendant took an adverse employment action against him; and 3) a causal connection exists between the protected activity and the adverse action. Munday v. Waste Management of North Carolina, Inc., 126 F.3d 239, 242 (4th Cir. 1997). Once a prima facie case has been presented, the Defendant employer has the burden of producing a legitimate, non-discriminatory reason for its actions, and if the employer does so, Plaintiff must then provide evidence to show that the Defendant's proffered reason is pretextual. Id.

Defendant argues, inter alia, that there has been no adverse employment action in this case to even give rise to a retaliation claim. Defendant notes that Plaintiff's retaliation claim is set forth only in the most general and conclusory manner, with Plaintiff essentially asserting that after he filed his EEOC charge, his supervisor called him into his office and asked Plaintiff "what have I done", which Plaintiff "perceived" as "retribution or a veiled threat for having filed with

---

[6]The undersigned notes that, in another case filed by one of the other maintenance employees listed on the joint administrative charge of discrimination, a finding was made that the charge of discrimination submitted by these Plaintiffs did not include a claim for unlawful retaliation. See Stewart v. University of South Carolina, C/A No. 3:04-625. See also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own records.]; see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ["A plaintiff's EEOC charge defines the scope of [his] subsequent right to institute a civil suit."].

8



EEOC." See Plaintiff's Supplemental Answers to Defendant's Interrogatories. Defendant correctly notes that no evidence has been submitted to show that Plaintiff suffered any reduction in pay or benefits as a result of his filing his EEOC charge, or that his supervisor (Gerald Goings) ever took any adverse action against him whatsoever. Indeed, Plaintiff did not even respond to Defendant's arguments for summary judgment on his retaliation claim in his memorandum opposing summary judgment.

After review of the evidence and arguments presented, the undersigned agrees with the Defendant that, under the applicable caselaw, Plaintiff has presented no evidence of an adverse employment action such as to give rise to a Title VII retaliation claim. Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 755 (4th Cir. 1996) [employer's conversation with plaintiff regarding Plaintiff's discrimination complaint was not an adverse employment action where plaintiff "was not discharged from his employment and the comments in question never amounted to or resulted in any adverse employment action"]; Newman v. Giant Food, Inc., 187 F.Supp.2d 524, 529 (D.Md. 2002) [Plaintiff's conversation with manager was not an adverse employment action where the conversation "did not adversely affect the terms, conditions, or benefits of [plaintiff's] employment" where plaintiff was not disciplined]; cf. Geisler v. Folsom, 735 F.2d 991, 994-996 (6th Cir. 1984) [no "adverse employment action" where evidence failed to establish any more than bad relations between plaintiff and her supervisor]; James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 377 (4th Cir. 2004) ["[A]n employee's dissatisfaction with this or that aspect of work does not mean an employer has committed an actionable adverse action."]; Summerlin v. M&H Valve Co., 167 Fed.Appx. 93, 97 (11th Cir. Jan. 17, 2006) ["The reprimand of an employee does not constitute an adverse employment action when the employee suffers no tangible harm as a result"]. Therefore,

9



Plaintiff's retaliation claim should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 3, 2006

